UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELAINE IDZINSKI, Individually
and on behalf of others similarly situated,

    Plaintiff,                                          Case No.

v.

STEVEN C. ROBERTS, individually,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ELAINE IDZINSKI, Individually and on behalf of others similarly situated, (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through her undersigned counsel and sues the Defendant, STEVEN C. ROBERTS, individually, (hereinafter referred to as "DEFENDANT") and alleges as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2.    Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3.    Plaintiff resides in Pinellas County, Florida.

4.    Defendant is an individual who employed Plaintiff on a personal basis and exercised the day to day control of operations and was involved in the payment of his employees.

1

5. At all times material herein, Plaintiff is an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

6. The Defendant is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A).

## GENERAL ALLEGATIONS

7. At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

8. Plaintiff has retained the undersigned counsel to represent her interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

9. Plaintiff began her employment on or about January 2017, as a CNA/Caregiver.

10. Plaintiff had posted an ad offering services as a CNA and Defendant responded.

11. Plaintiff is only one of several caregivers hired by Defendant.

12. Plaintiff was paid an hourly rate of $19.50 per hour.

13. Plaintiff regularly worked substantial hours in excess of forty (40) in a work week.

14. Defendant directed Plaintiff to submit a portion of her hours to his long-term care insurance carrier so that he could obtain reimbursement.

15. As Plaintiff became more familiar with Defendant and over time Defendant began making inappropriate and offensive advances and propositions to Plaintiff.

16. Some examples of the offensive conduct include:

   a. Defendant would regularly request and direct Plaintiff to give him "belly rubs" under the representation it would help with constipation. If Plaintiff administered a belly

rub Defendant would grab Plaintiff's hand and place it on his genitals.

        b.        Defendant would regularly grope Plaintiff in an offensive manner, on occasion after summoning Plaintiff to his room where he would be nude watching pornography.

        c.        During bathing sessions Defendant would regularly touch Plaintiff in an offensive manner.

17. In the fall of 2019, Plaintiff insisted that his offensive behavior stop and also questioned his pay practices.

18. Thereafter, Defendant substantially reduced Plaintiff's hours to as low as twelve (12) hours a week.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

19. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

20. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

21. Throughout her employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

22. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

23. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

24. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

25. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

26. Defendant's violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that his conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

27. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

28. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

29. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant including, but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

    d.    Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Determining that the FLSA was violated and an adjudication on the merits of the case;

    f.    Ordering any other further relief the Court deems just and proper.

## COUNT II

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

31. At all times material, Defendant employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

32. Throughout their employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

33. At all times material, Defendant failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

34. Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

35. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendant for overtime compensation, liquidated damages, compensatory damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

## COUNT III
## RETALIATION (FAIR LABOR STANDARD ACT)

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

37. Plaintiff's hours were substantially reduced as a direct result of, and in retaliation for, her reporting and opposing the above described unlawful conduct.

38. The above described actions of Defendant constitutes a violation of the Fair Labor Standard Act, 29 U.S.C. § 215.

39. As a result of the retaliatory actions of Defendant, Plaintiff has suffered damages including lost wages, benefits, and other remuneration, emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

40. As a result of Defendant's unlawful acts against Plaintiff, she has and will continue to incur attorney's fees and costs.

WHEREFORE, Plaintiff demands a trial by jury against Defendant for compensatory damages, lost wages and benefits, prejudgment interest, liquidated damages, attorney's fees and costs, and any other damages allowable by law.

## COUNT IV
## BATTERY

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

42. During the course of Plaintiff's employment, Defendant intentionally and willfully directed physical touching towards Plaintiff.

43. The batteries were offensive and unwanted by Plaintiff.

44. As a direct and proximate result of the batteries perpetrated on Plaintiff, Plaintiff has suffered damages, including, but not limited to, the following:

   a. Physical pain and mental suffering, anguish, and emotional distress;

   b. Embarrassment;

   c. Humiliation;

   d. Inconvenience;

   e. Loss of dignity; and

   f. Medical and related expenses, past and future.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendant and for other such relief to which Plaintiff may be entitled.

Dated this 20th day of July 2020.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255

7

Facsimile (727) 483-7942
Attorneys for Plaintiff