# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ELAINE IDZINSKI, individually and
on behalf of all others similarly situated,

      Plaintiff,

v.                          CASE NO. 8:20-cv-1653-T-60TGW

STEVEN C. ROBERTS, individually,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Joint Motion for Approval of FLSA Release and Settlement Agreement (Doc. 20) on the plaintiff's Fair Labor Standards Act (FLSA), 29 U.S.C. 201, *et seq.*, claims for overtime wages. The motion was referred to me for a Report and Recommendation.

The plaintiff worked as an in-home caregiver to the defendant, an elderly man, between January 2017 and December 2019 (id., p. 1). She filed a complaint asserting four claims: (1) violation of the FLSA for failure to pay the overtime rate for hours "worked in excess of 40 in a number of workweeks 'throughout her employment'"; (2) violation of the FLSA for failure to pay similarly situated employees the overtime rate for hours

"worked in excess of 40 in a workweek"; (3) violation of the FLSA for terminating the plaintiff in retaliation for questioning the defendant's pay practices; and (4) battery (id., pp. 1–2).

A hearing was held before me on December 3, 2020 to inquire into the fairness and reasonableness of the settlement agreement (see Doc. 23). The defendant denies the plaintiff's allegations, but the parties explained at the hearing that settlement of this case was in both of their best interests. In the settlement agreement, the defendant agreed to pay a total of $20,000 to resolve the matter (Doc. 20-1, p. 4). Specifically, $3,790.50 shall be payable to the plaintiff to resolve the FLSA claim, and $16,209.50 shall be payable to the plaintiff to resolve the battery claim, including attorneys' fees and costs of litigation (id.).

Because I find the parties' settlement agreement constitutes a fair and reasonable compromise of this dispute, I recommend that the motion be granted, and the case be dismissed with prejudice.

Compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters "a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Therefore, in any FLSA case,

2

the court must review the parties' settlement to determine whether it "is a fair and reasonable resolution of a bona fide dispute." Id. at 1355. The court is also required to ensure that counsel's fee is reasonable not only so that counsel is compensated adequately, but so that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. See Silva v. Miller, 307 Fed. Appx. 349, 351–52 (11th Cir. 2009).

When evaluating whether a compromise is fair and reasonable, courts examine the following factors: (1) whether there was fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings; (4) the probability of plaintiff's success; (5) the range of possible recovery; and (6) counsel's opinion. See Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010).

I find that the settlement amount in this case is fair and reasonable. Plaintiff's counsel stated that his client attended the settlement conference, and that she wanted to compromise on her FLSA and battery claims in the interest of settling the case. Counsel represented that the focus of the lawsuit was on alleged inappropriate touching by the defendant (the basis of the battery claim), and that the plaintiff brought this action with the

3

intention of sending a message to the defendant that such behavior was unacceptable.   The plaintiff was not, counsel explained at the hearing, seeking to financially ruin the defendant through a large recovery.

The parties discussed other factors that further support settlement of this case.  If this matter proceeded to trial, litigation would be over whether the plaintiff's sleep while working in the defendant's home was interrupted.   Counsel explained that if the plaintiff got five hours of uninterrupted sleep, then she would not be entitled to wages for the full 24 hours in a workday.  Counsel for the defendant conceded that the plaintiff worked some 24-hour shifts, but the defendant does not believe the plaintiff worked as many as she claims.  The defendant kept some time records, which would likely be highly litigated if this case went to trial.   Importantly, counsel noted that the defendant is an elderly man in frail health, and if he passed away in the year or two before a trial could occur, the matter would be further complicated by probate proceedings.  All these factors led the parties to favor settlement.

As part of the settlement agreement, the plaintiff agrees to dismiss this case against the defendant (Doc. 20-1, p. 1, ¶ 2).  The settlement agreement includes common boilerplate language in which the plaintiff waives many other claims (see id., pp. 1–2).  Inquiry was made into whether

4

the plaintiff in fact has viable claims that she is waiving under the agreement, and the answer was no.

A concern was raised about the plaintiff's interrogatory response, in which she stated she was owed $168,480 for her FLSA claims (see Doc. 9, p. 3) ("$19.50 x 120 hours per month x 24 months x 1.5 x 2 for liquidated damages"). For various reasons discussed by counsel at the hearing, that figure did not guide the settlement discussions. The amount of the plaintiff's FLSA recovery hinged on whether her sleep time was compensable, which the parties disputed. The plaintiff was being paid regular wages by the defendant; the dispute was over how many overtime hours she worked. If her sleep time was compensable, she would be owed 24 hours at 3 days per week (resulting in 32 hours in excess of 40 hours per week); if sleep time was not compensable, she would be owed 16 hours at 3 days per week (resulting in 8 hours in excess of 40 hours per week).

Even if the plaintiff's sleep time is compensable, counsel for the defendant believes her hours are overstated. Here, there was a serious dispute over whether the plaintiff was entitled to wages for 24 hours in a workday, and the plaintiff chose to compromise in the interest of settlement.

Both parties have been represented by competent FLSA counsel throughout the proceedings. Counsel for the plaintiff, who is experienced in

FLSA matters, stated that his client was adequately counseled and is satisfied with the settlement amount.   Counsel for both parties agree that the settlement represents a fair and adequate resolution of the claims. Accordingly, on the facts of this case, I find that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." DeGraff v. SMA Behavioral Health Servs, Inc., 945 F.Supp.2d 1324, 1328 (M.D. Fla. 2013), quoting Lynn's Food Stores, Inc., supra, 679 F.2d at 1354.

Finally, inquiry was made into the attorneys' fees.   Typically, attorney's fees are negotiated separately from the plaintiff's FLSA recovery. Plaintiff's counsel explained at the hearing that attorneys' fees in this case were determined based on a contingency fee settlement.   Counsel chose to allocate a significant amount of the settlement to the battery claim, rather than the FLSA claim, so the plaintiff would not be taxed as income on much of the recovery (see Doc. 20-1, p. 4, ¶3).   Counsel represented that the majority of the attorneys' fees and costs will come out of the battery recovery.

In sum, I find the terms of the settlement agreement are fair, just, and in accordance with the FLSA. See Lynn's Food Stores, Inc., supra, 679 F.2d at 1353.   Consequently, I recommend that the Joint Motion for

6

Approval of FLSA Release and Settlement Agreement (Doc. 20) be granted and this case be dismissed with prejudice.

Respectfully submitted,

*Thomas G. Wilson*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 8 , 2020.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.   28 U.S.C. 636(b)(1)(C).   Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.